**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.:**

**CORI PAPARTEYS,**

      **Plaintiff,**

**v.**

**POPSTROKE HOLDINGS LLC,**
**a Foreign Limited Liability Company,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CORI PAPARTEYS** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **POPSTROKE HOLDINGS LLC** ("Defendant"), and hereby states as follows:

### INTRODUCTION

1.      Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), as well as the Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes.

2.      Plaintiff is seeking recovery for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff is an adult individual.

4. Defendant is a Foreign Limited Liability Company that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

5. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

6. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 2000gg.

7. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

8. At all times relevant hereto, Plaintiff was an employee of Defendant.

9. Plaintiff worked for Defendant in Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

10. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

11. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

12. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled"

employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

13.     At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

14.     Defendant was at all times an "employer" as envisioned by the ADA, FCRA, and WCRS as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

15.     On or around May 9, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

16.     More than 180 days have passed since the filing of the Charge of Discrimination.

17.     On or around November 20, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

18.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

19.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

20.     Plaintiff worked for Defendant as a Supervisor for Defendant's PopStroke Golf Course in Port St. Lucie, FL, from November 11, 2022, until her termination on August 25, 2024.

3

21.     During her tenure, Plaintiff was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA related attendance, performance, or disciplinary issues.

22.     Unfortunately, during the course of her duties, Plaintiff suffered an on-the-job injury.

23.     On August 25, 2024, as a result of Florida's extreme summer heat and Defendant's failure to implement reasonable cooling measures, Plaintiff suffered a heatstroke while clocked in and working one of her shifts.

24.     Plaintiff began work as normal, waiting on tables and working the bar, when she started to feel dehydrated and severely overheated, and pressure from an intense migraine beginning to form.

25.     Plaintiff attempted to go to the bathroom on a few occasions to cool down and on the last occasion got violently nauseous and eventually threw up.

26.     Plaintiff then washed up and tried to return to work and realized she was extremely disoriented, and having trouble with her cognitive skills while using the computer, as well as experiencing feelings of extreme dizziness.

27.     Plaintiff, in fear of passing out, advised another PopStroke employee that she needed to sit down somewhere with AC to cool off.

28.     As Plaintiff made her way into the Pro Shop to sit down, she felt herself becoming lightheaded and unsteady as if she was going to lose consciousness and ran to the office instead.

29.     Once Plaintiff made it to the office, her body collapsed out of extreme exhaustion and dehydration and Plaintiff, once more, threw up into a nearby garbage can.

30.     Plaintiff plead a nearby employee to grab someone indicating it was an emergency.

4

31.     On arrival, rather than reporting the incident or facilitating appropriate medical response, Assistant Manager Sarah Shea ("Ms. Shea") reprimanded Plaintiff and informed her that General Manager Jake Martini ("Mr. Martini") was upset with her as a result of the injury.

32.     Ms. Shea told Plaintiff that Mr. Martini wanted to let Plaintiff go do the incident and was sending her home.

33.     Rather than requesting medical personnel to assist Plaintiff, Plaintiff was sent home and after later visiting an emergency room was diagnosed with severe dehydration and accompanying side effects due to a heat stroke.

34.     Plaintiff later reached out to Ms. Shea to inform her that she went to the emergency room due to the incident however, Ms. Shea never advised Plaintiff that she could return to work.

35.     Plaintiff requested leave to attend to her serious medical condition.

36.     Defendant never informed Plaintiff of her rights to take leave under the FMLA.

37.     Defendant never engaged in the interactive process with Defendant.

38.     Instead, Mr. Martini had Ms. Shea inform Plaintiff that she was to be sent home and terminate her employment, effective immediately.

39.     It is clear that Defendant retaliated against Plaintiff based on her serious health condition, her utilizing or attempting to utilize FMLA leave, her disability, and for requesting reasonable accommodation.

40.     It is clear Defendant terminated Plaintiff's employment in retaliation for her workplace injury and her actual or anticipated pursuit of workers' compensation benefits.

41.     Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

42. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for needing protected FMLA leave.

43. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

44. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

45. The timing of Plaintiff's disclosure of her serious health condition and her attempted use of protected FMLA leave and Defendant's termination of her employment, demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

46. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job as a Supervisor.

47. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and request for accommodation under the ADA/FCRA.

48. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

49. The timing of Plaintiff's termination makes the causal connection between her use of reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

50. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

51. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

52.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

53.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

54.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 11, 20 through 36, 38 through 39, 41 through 45, and 51 through 53, above.

55.     At all times relevant hereto, Plaintiff was protected by the FMLA.

56.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

57.     At all times relevant hereto, Defendant interfered with Plaintiff by failing to inform Plaintiff of her rights under the FMLA.

58.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

59.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 11, 20 through 36, 38 through 39, 41 through 45, and 51 through 53, above.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

63. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

64. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her attempted use of leave pursuant to the FMLA.

65. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III: DISCRIMINATION UNDER THE ADA**
**FAILURE TO ACCOMMODATE DISCRIMINATION**

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6, 8 through 9, 12, 14 through 35, 37 through 39, 41, 46 through 48, and 50 through 53, above.

68. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

69. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

70. Plaintiff required reasonable accommodation in order to perform her job duties.

71. Defendant failed to engage in the interactive process with Plaintiff.

72. Defendant failed to provide any reasonable accommodations for Plaintiff's disability.

73. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

74. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

75. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE DISCRIMINATION

78.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 9, 12, 14 through 35, 37 through 39, 41, 46 through 48, and 50 through 53, above.

79.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

80.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

81.     Plaintiff required reasonable accommodation in order to perform her job duties.

82.     Defendant failed to engage in the interactive process with Plaintiff.

83.     Defendant failed to provide any reasonable accommodations for Plaintiff's disability.

84.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

85.      Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

86.      The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

88.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: RETALIATION UNDER THE ADA BASED ON DISABILITY

89.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 6, 8 through 9, 13 through 35, 37 through 39, 41, 46 through 47, and 49 through 53, above.

90.     Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

91.     Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

92.     Plaintiff was terminated as a direct result of her request for reasonable accommodation.

93.     Plaintiff's protected activity, and her termination, are causally related.

94.     Defendant's stated reasons for Plaintiff's termination are a pretext.

95.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

97.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

98.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VI: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

99.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7 through 9, 13 through 35, 37 through 39, 41, 46 through 47, and 49 through 53, above.

100.    Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

101.    Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the FCRA.

102.    Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

103.    Plaintiff's protected activity, and her termination, are causally related.

104.   Defendant's stated reasons for Plaintiff's termination are a pretext.

105.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

107.   Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

108.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT VII: RETALIATION IN VIOLATION OF WCRS

109.   Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 4, 7 through 9, 14, 20 through 34, 38, 40, and 51 through 53, above.

110.   Defendant terminated Plaintiff from her employment in violation of the WCRS.

111.   Defendant failed to report Plaintiff's workplace injury in violation of the WCRS.

112.   Plaintiff was retaliated and terminated in violation of the WCRS for her expected pursuit of workers' compensation benefits.

113.    As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief, attorneys' fees and costs and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 18th day of February, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: noah@floridaovertimelawyer.com
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*